**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **PRESTON NEWTON** | : | CASE ACTION NO. |
| *Plaintiff* | : | |
| | : | |
| VS. | : | **TRIAL BY JURY REQUESTED** |
| | : | |
| **ELG UTICA ALLOYS (Hartford), INC.** | : | |
| *Defendant* | : | **FEBRUARY 17, 2021** |

**COMPLAINT**

**I.   INTRODUCTION:**

1. This is an action to redress discrimination and wrongful termination of employment on the basis of age in violation of the Age Discrimination in Employment Act, 29 USC § 634 and the basis of disability in violation of the Americans with Disabilities Act as amended, 42 U.S.C. § 12101, *et seq*.

**II.   PARTIES AND JURISDICTION:**

1. Plaintiff, Preston Newton, was at all times set forth herein, and remains, a resident of the City of Hartford, in the State of Connecticut.

2. The Defendant, ELG Utica Alloys (Hartford), Inc. ("ELG or "Defendant"), is an out-of-state corporation with a Connecticut place of business located at 239 West Service Road, Hartford, Connecticut.

3. Plaintiff filed an administrative complaint with the Equal Employment Opportunities Commission on or about June 9, 2020, and received a Right to Sue Letter dated February 4, 2021. This action is brought within ninety (90) days of the Right to Sue Letter, which is attached hereto as Exhibit A.

4. The parties to this action regularly do business within the jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**III.   FACTS:**

5. ELG is an aerospace solids manufacturer and processor. As part of its operations, it purchases scrap metal, sorts it, sizes it, cleans it, and sells it to foundries.

6. Plaintiff was hired by the Defendant as a metal sorter. At the time of his termination he had worked for the Defendant for 30 years.

7. Throughout the Plaintiff's employment, he was a good and dependable employee and performed his job satisfactorily.

8. The Plaintiff's date of birth is July 10, 1965. At the time of his termination he was 54 years old.

9. Upon information and belief, the Defendant would replace employees who had been with the company over 20 years with younger employees.

10. By way of example, Plaintiff's supervisor, Jose Marcelino, was terminated after his 58th birthday and replaced with someone younger.

11. Upon information and belief, all employees who worked in Plaintiff's department and performed similar duties as he were all much younger.

12. As a metal sorter, Plaintiff was on his feet during for long hours and regularly lifted between 50 and 70 pounds, which caused stress and chronic pain in his knees, ankles, and shoulders.

13. On or about August 23, 2019, Plaintiff got to work at approximately 6:30am and changed into his work shirt and hung up the shirt he had worn from home which had a small bottle of alcohol and reading glasses in a front pocket from the night before.

14. Plaintiff was then called to a meeting with all staff, and about 40 minutes later a union representative named Nick (last name unknown) called a second meeting with himself, the Plaintiff, his supervisor Larry (last name unknown), and the shop steward to discuss Plaintiff missing days.

15. Plaintiff explained during the meeting that he had missed 2 days of work due to pain in his knees and ankles, and he was told by the union representative to go to the doctor and get a note.

16. Plaintiff further explained that he only took time off from work because of the chronic pain in his ankle and knees.

17. The Plaintiff was then told there was an Uber waiting outside to take him to the Defendant's doctor. Plaintiff rode in the Uber with supervisor Larry in the front seat and the union representative in the back seat.

18. Plaintiff found out he was going to be tested for drugs and alcohol once he arrived at the doctor's office.

19. The doctor asked Plaintiff if he had been drinking that day and if he could provide a urine sample for the test. Plaintiff informed the doctor that he had not been drinking and based on test results the doctor agreed he had not been drinking that day and the drug test was negative.

20. When Plaintiff returned to work, he was denied entry and was told a security guard would get his belongings from his locker and that a supervisor called Felix (last name unknown) found alcohol in the Plaintiff's shirt.

21. Plaintiff was told he should take an Uber home and that he could not remove his car from the Defendant's property.

22. At all relevant times Plaintiff was qualified for the position he held with the Defendant.

23. The Plaintiff was not given a reason for his termination.

24. The Defendant's reason for termination is a mere pretext to mask unlawful discrimination.

**COUNT ONE:** **Age Discrimination in violation of 29 USC § 634**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 24 above as Paragraphs 1 through 24 of this First Count as if fully set forth herein.

25. The aforementioned conduct of the Defendant is a violation of the Age Discrimination in Employment Act.

26. The actions of the Defendant were intended to discriminate against and ultimately terminate Plaintiff's employment because of his age.

27. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income, health benefits, and retirement benefits and will continue to suffer same all to his loss and detriment.

28. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

29. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:**     **Disability Discrimination in violation of the ADAAA**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 18 above as Paragraphs 1 through 18 of this First Count as if fully set forth herein.

30. The Plaintiff is a qualified individual within the meaning of the ADAAA in that she has chronic pain and/or was perceived to have a disability.

31. The Defendant is an "employer" within the meaning of the ADAAA.

32. At all relevant times Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

33. The Defendant terminated the Plaintiff's employment because of his actual or perceived disability.

34. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income, health benefits, and retirement benefits and will continue to suffer same all to his loss and detriment.

35. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

36. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Back pay and the value for loss of employment benefits;

2. Front pay to the Plaintiff for the years he would have worked absent the defendant's unlawful treatment;

3. Costs and reasonable attorney's fees incurred in connection with this action;

4. Liquidated damages pursuant to 29 U.S.C. § 626(b);

5. Punitive damages;

6. Such additional or alternative relief as may appear to the Court to be just and equitable.

THE PLAINTIFF,
PRESTON NEWTON

BY: _____
Megan L. Michaud (ct28813)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-3457
mmichaud@cicchielloesq.com

| | | |
|---|---|---|
| **PRESTON NEWTON** | : | CASE ACTION NO. |
| *Plaintiff* | : | |
| | : | |
| VS. | : | TRIAL BY JURY REQUESTED |
| | : | |
| **ELG UTICA ALLOYS (Hartford), INC.** | : | |
| *Defendant* | : | FEBRUARY 17, 2021 |

## REQUEST FOR A TRIAL BY JURY

Plaintiff hereby requests a trial by jury in this matter.

                                                                  THE PLAINTIFF,
                                                                  PRESTON NEWTON

                                                       BY: _____
                                                           Megan L. Michaud (ct28813)
                                                           CICCHIELLO & CICCHIELLO, LLP
                                                           364 Franklin Avenue
                                                           Hartford, CT 06114
                                                           Tel: (860) 296-3457
                                                           Fax: (860) 296-3457
                                                           mmichaud@cicchielloesq.com

# **EXHIBIT A**

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Preston Newton**
c/o Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, L.L.P.
364 Franklin Avenue
Hartford, CT 06114

From: **Boston Area Office**
John F. Kennedy Fed Bldg
15 New Sudbury Street, Room 475
Boston, MA 02203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2020-01503 | Virginia I. Holmes, Investigator | (617) 865-3690 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Feng K. An,**
**Area Office Director**

February 4, 2021
*(Date Issued)*

Enclosures(s)

cc: ELG UTICA ALLOYS (HARTFORD), INC.
c/o Sarah Skubas
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103